# EXHIBIT B



**100 Shockoe Slip  Richmond, Virginia 23219-4140**
*Telephone:* **804.649.7545**    *Facsimile:* **804.780.1813**
*Website:* **www.t-mlaw.com**

Phillip A. Sitz
Direct Dial: (804) 698-6245
Facsimile: (804) 780-1813
Email: psitz@t-mlaw.com

September 27, 2024

**VIA EMAIL &
CERTIFIED U.S. MAIL,
Return Receipt Requested**

Chris Quinn
Quinn Concepts, Inc.
1585 Shenango Road
New Galilee, PA 16141

Re: **Dispute Concerning Control of Oak Valley Website, Domain, and Data**

Dear Mr. Quinn:

I represent Oak Valley Landscape & Hardscape, LLC ("Oak Valley"). If you have retained counsel for this matter, please turn this letter over to him or her immediately. If you have not yet retained counsel, I strongly recommend you do so.

I am writing to resolve this dispute. I serve my clients by making problems go away, so please read this letter in that light. I hope we can work together to prevent this problem from becoming a bigger issue.

I am writing today regarding your continued control over Oak Valley's property, specifically the domain, oakvalleylh.com, the company's website which points to that domain, and data owned by Oak Valley in your possession ("Property"). As you know, Oak Valley has decided to change vendors for domain registration and web hosting services. It is beyond dispute that the oakvalleylh.com domain, the associated website, and the data pertaining to the business are the sole property of Oak Valley. Your past possession and control of the Property was for the limited purpose of providing IT services to Oak Valley. Now that those services are no longer desired, you are required to return control over all property of Oak Valley that may be in your possession.

Your refusal to relinquish control over my client's property exposes you to significant civil liability, as your possession of the Property gives rise to claims for conversion, trespass, detinue, and breach of contract. The damages from these claims increase every day that this dispute continues.



Oak Valley is prepared to amicably conclude this matter if you will agree to the following:

1) You will grant my client or its authorized representative access to the webserver that is hosting the oakvalleylh.com website with sufficient privileges to perform any tasks with the website and associated data deemed necessary by Oak Valley.

2) You will unlock the domain from its current registrar.

3) Once the domain is unlocked from its current registrar, you will arrange a mutually acceptable time during which you will communicate the authorization code prompted by the domain transfer process, enabling Oak Valley or its authorized representative to complete the transfer of the domain.

If you refuse to cooperate with my client according to the terms set forth above, Oak Valley will be forced to initiate a civil suit against you here in the Commonwealth of Virginia seeking recovery of its property and compensation for the incidental and consequential damages it has suffered to date, and for those it will suffer in the future if this situation is not resolved promptly.

Further, if this were to go to trial, my client would seek punitive damages against you. Punitive damages are awarded against defendants whose actions are particularly harmful or egregious, such as the willful retention of another's property against the owner's will in a manner that directly harms the conduct of the owner's business. The trespass to chattel and conversion against my clients is a textbook case for punitive damages.

My client would prefer to gain your cooperation and thereby avoid the considerable effort and expense that would attend a lawsuit. If you wish to avoid a lawsuit, contact my office by **October 4, 2024 at 5:00 pm Eastern Time**.

If I do not hear from you by that date, you should assume that my client will be filing suit. Given the strong potential for litigation, it is my duty to inform you that you have a duty to preserve documents in your possession that may be responsive to any discovery requests that could arise in the future. Pursuant to the Federal Rules of Civil Procedure and relevant state rules, every party to a lawsuit has a duty to preserve all evidence which could be relevant to the suit. Therefore, you are hereby advised that you must preserve all records and other evidence in your possession, custody, or control, in whatever form, pertaining to the Property.

This duty to preserve evidence is broad and extends to all documents, regardless of whether the document is stored electronically (such as email) or in hard-copy and regardless of the type of document. For example, reports, spreadsheets, photographs, and videotapes are all considered documents that must be preserved. As such, you are to preserve all electronically stored information, copies, and backups, along with any paper files which you maintain that are relevant to this dispute.



Sincerely,

Phillip A. Sitz

PAS